UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MCFARLAND, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-125 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner John McFarland's ("movant" or "McFarland") pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The government responded to the motion to vacate, and movant filed a reply titled "Defendant's Amended Motion Supporting 2255" (Doc. 16). The Federal Public Defender's Office also filed a reply in support of movant's § 2255 motion. For the reasons discussed below, the Court concludes that the instant motion was timely filed and is not second or successive, but does not entitle movant to relief and should be dismissed without an evidentiary hearing.

**I. Background**

McFarland and his codefendant Darryl Warren were charged by superseding indictment with conspiring between December 5, 1990 and September 11, 1995 to distribute and possess with intent to distribute 500 grams or more of cocaine, marijuana, and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I). In addition, McFarland was indicted with traveling interstate in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) (Count II). The government filed an information pursuant to 21 U.S.C. § 851 stating that McFarland had two prior felony drug convictions that would enhance his penalties at sentencing if convicted. These convictions were

from the State of California. McFarland was found guilty by a jury on both counts of the superseding indictment.

The presentence investigation report ("PSR") stated that for Count I, a violation of 21 U.S.C. § 841(a)(1) and § 846 carried a minimum term of imprisonment of ten years and maximum term of life, pursuant to 21 U.S.C. § 841(b)(1)(B). United States v. McFarland, 4:95-CR-312 CAS, Doc. 154, ¶ 75. For Count II, a violation of 18 U.S.C. § 1952(a)(3) carried a maximum term of imprisonment of five years. Id. The PSR stated that McFarland's guideline provisions were 360 months to life based on a total offense level of 38 and a criminal history category of VI. Id., ¶ 76. The PSR also stated that for Count I, a supervised release term of at least eight years was required under 21 U.S.C. § 841(b)(1)(A), and for Count II, the authorized term for supervised release was not more than three years pursuant to 18 U.S.C. § 3583(b)(2). Id., ¶ 78. The terms of supervised release were to run concurrently under 18 U.S.C. §3624(e). Id.

McFarland was sentenced to 360 months imprisonment on Count I and 60 months imprisonment on Count II, to be served concurrently, followed by eight years supervised release. McFarland filed a direct appeal, but the Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. McFarland, 116 F.3d 316 (8th Cir. 1997). Movant then filed a motion under 28 U.S.C. § 2255 which this Court denied after an evidentiary hearing. See McFarland v. United States, No. 4:98-CV-1841 CAS (E.D. Mo.). Movant filed a second motion under 28 U.S.C. § 2255, which this Court ordered transferred to the Eighth Circuit because movant had not obtained permission to file a second or successive motion under § 2255(h). See McFarland v. United States, No. 4:00-CV-1247 CAS (E.D. Mo.). The Eighth Circuit denied movant's petition to file a second or successive motion. McFarland v. United States, No. 00-3309 (8th Cir. Nov. 8, 2000).

On January 29, 2015, the Court granted movant's Motion for Retroactive Application of Amendment 782 United States Sentencing Guidelines, and reduced his sentence to 324 months. (4:95-CR-312 CAS, Doc. 222.) Movant filed the instant motion under § 2255 on January 29, 2016.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## III. Discussion

In the instant motion, movant seeks relief from his sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(B), based on a recent change in California state law that affects the prior felony convictions on which his enhanced sentence was based. In November 2014, California voters enacted Proposition 47, Cal. Penal Code § 1170.18. As relevant here, Proposition 47 reduced future convictions under California Penal Code § 11350(a) from a felony to a misdemeanor, and permitted defendants previously convicted under the statute to seek a "recall of sentence" from the California

3

state courts which, if granted, would reclassify their qualifying felonies as misdemeanors. United States v. Diaz, __ F.3d __, No. 10-50029, 2016 WL 5121765, at *2, *reh'g and reh'g en banc denied,* (9th Cir. Sept. 21, 2016).

Attached to the motion to vacate is a copy of a letter from a paralegal with the County of San Diego, California Primary Public Defender, which states that the California court granted movant's Proposition 47 petitions to reclassify his two prior convictions from felonies to misdemeanors. The letter is not authenticated and movant does not provide any other evidence of the reclassification of his convictions. Because the government has not challenged the accuracy or sufficiency of movant's allegations concerning the change in his underlying convictions, the Court accepts for purposes of the instant motion that movant's prior California felony convictions are now misdemeanor convictions.

The government opposes the motion to vacate on three grounds. First, it asserts that the motion is untimely because it was filed more than one year after the conviction became final, 28 U.S.C. § 2255(f)(1). It contends the reclassification of McFarland's prior state felony drug convictions does not qualify as a newly discovered fact that warrants extension of the one-year period under 28 U.S.C. § 2255(f)(4). Second, the government asserts that because movant previously filed a motion under § 2255, he must obtain permission from the Eighth Circuit before he can proceed. 28 U.S.C. § 2255(h). Third, the government asserts that movant's § 2255 fails on the merits because the reclassification of his prior felony convictions under California law does not affect the original sentencing enhancement he received, as sentencing enhancements are governed by federal and not state law. 21 U.S.C. § 841(b)(1)(A)-(D).

The Court will address each of the government's arguments in turn.

4

A. *The Motion is Timely*

The government asserts that movant's motion is untimely. A one-year period of limitation applies to motions under § 2255. 28 U.S.C. § 2255(f). The instant motion is brought under § 2255(f)(4), which provides that the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The facts supporting movant's claim, the California court's retroactive designation of his prior convictions as misdemeanors, became discoverable on or about December 8, 2015, less than a year before movant filed the instant motion. As a result, the motion is timely.

B. *The Motion is Not Second or Successive*

The government asserts that movant's motion is not properly before the Court because he did not obtain permission from the Eighth Circuit prior to filing it. As stated above, movant previously filed two other motions under § 2255. Generally, a "second or successive" motion under § 2255 must be certified by an appellate panel before it may be considered by the district court. 28 U.S.C. § 2255(h). The Supreme Court has held that where a claim was not ripe at the time of an initial habeas petition, however, a later habeas petition raising that claim will not be considered "second or successive." Panetti v. Quarterman, 551 U.S. 930, 944 (2007); see Deroo v. United States, 709 F.3d 1242, 1244 (8th Cir. 2013) (holding § 2255 motion was not second or successive to earlier § 2255 motions where the present claim had not yet arisen at the time of the previous motions). Here, movant's § 2255 motion is based on a claim that did not arise until after his previous federal habeas proceedings were concluded, as California Proposition 47 was not effective until November 5, 2014. Movant's claim in the instant motion was therefore not ripe at the time he

filed any previous § 2255 motion. As a result, the instant motion is not second or successive and § 2255(h)'s requirement does not apply.

C. *Movant is Not Entitled to Relief on the Merits*

Turning to the merits of the claim, the government asserts that the reclassification of movant's prior felony convictions to misdemeanors under California law does not affect or invalidate the original sentencing enhancement he received. Movant was sentenced under 21 U.S.C. § 841(b)(1)(B), which provides that if a person commits a specified drug offense "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment[.]" The government argues that the retroactive reclassification of movant's state felony convictions does not affect his federal sentence, which is governed by federal law.

The issue before the Court is whether the State of California's reclassification of movant's prior convictions from felonies to misdemeanors pursuant to Proposition 47 has a retroactive effect on his federal sentence. The Ninth Circuit Court of Appeals, the federal court of appeals for the judicial circuit that includes California, recently addressed this question in a similar action under § 2255. See Diaz, 2016 WL 5121765. The movant in Diaz argued that because he successfully petitioned to have his 1986 conviction re-designated as a misdemeanor, the conviction no longer counted as a felony for purposes of § 841. Id. at *2. The Ninth Circuit rejected this argument, holding that "Proposition 47 does not change the historical fact that [defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" Id. at *1 (quoting 21 U.S.C. § 841(b)(a)(A)).

6

The Ninth Circuit stated that federal law, not state law, governs the interpretation of federal statutes, id. at *2, and that "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met." Id. at *3 (citing cases). The Ninth Circuit described § 841 as a "backward-looking" statute, which requires "only that a defendant have committed his federal crime 'after two or more prior convictions for a felony drug offense *have become final,*'" id. at *3 (quoting 21 U.S.C. § 841(b)(1)(A)). A state's subsequent change to a state conviction, after it becomes final, "'does not alter the historical fact of the [prior state] conviction' becoming final – which is what § 841 requires." Id. (quoting United States v. Dyke, 718 F.3d 1282, 1292 (10th Cir. 2013)).

The Ninth Circuit's holding that Proposition 47 does not have retroactive effect on a federal sentence is consistent with precedent from the Eighth Circuit Court of Appeals. In Hirman v. United States, 613 F.3d 773 (8th Cir. 2010), a federal prisoner moved to vacate, set aside or correct his sentence under § 2255 on the basis that he no longer qualified as a career offender, after a Minnesota state court granted his motion for early discharge from probation on two prior state law felonies. Id. at 775. The effect of the discharge from probation was to change Hirman's felony convictions to misdemeanors under Minnesota law. Id.

The Eighth Circuit remarked that the question whether Hirman's prior convictions qualified him for the career offender enhancement was one of federal law. Id. at 776. The Court distinguished the situation before it – involving state felony convictions that were deemed to be misdemeanors by the Minnesota court – from cases in which a defendant may successfully attack a federal sentence if that sentence was enhanced based on a prior state conviction which is later

7

vacated. Id. (citing Johnson v. United States, 544 U.S. 295, 302-03 (2005)). Engaging in a backward-looking analysis, the Eighth Circuit stated, "The fact remains that Hirman was convicted of crimes that were 'punishable by . . . imprisonment for a term exceeding one year,' U.S.S.G. § 4B1.2, comment (n.1), thereby exposing him to an enhanced sentence." Id. at 776. The state court's action changing the prior convictions to misdemeanors under Minnesota law did "nothing to alter this analysis." Id. The Eighth Circuit also stated it had rejected Hirman's argument and similar arguments on many occasions. Id. (citing cases).

The facts of the instant case closely parallel those in Diaz. The Ninth Circuit's decision that California's Proposition 47 does not have a retroactive effect on federal sentences is persuasive, and is fully consistent with relevant precedent from the Eighth Circuit Court of Appeals.[1] Federal law controls the issue whether prior convictions qualify a defendant for a sentencing enhancement. Hirman, 613 F.3d at 776. Under federal law, courts use a "backward-looking" inquiry to determine whether a prior conviction qualified for a sentencing enhancement. See id. A state change to a state conviction, after it has become final, does not "change the historical fact that, for purposes of § 841, the defendant had been convicted of the felony in the past." Diaz, 2016 WL 5121765, at *3; see also Hirman, 613 F.3d at 776.

Movant does not dispute that at the time he was originally sentenced in federal court, he had two prior convictions which served as the basis for the information filed by the government pursuant to § 851. Based on the Ninth Circuit's holding in Diaz, and the Eighth Circuit's reasoning in Hirman, the Court finds no merit to movant's § 2255 claim based on the change in California law

---

[1] Movant's reliance on two California federal district court cases, decided prior to the Ninth Circuit's decision in Diaz, is not persuasive.

8

that permitted reclassification of his prior felony drug convictions to misdemeanors. Although the reclassification is entitled to retroactive effect under state law, this does not alter the historical fact that movant's federal sentence was imposed based on his commission of a federal drug offense after two prior felony drug convictions had become final. Movant's motion will therefore be denied.

Finally, movant raises an equal protection argument for the first time in his pro se reply memorandum. Movant asserts that after the enactment of Proposition 47, persons who are convicted under the same California statutes would not be subject to the federal sentence enhancement that he was. Movant argues there is no rational basis for "persons convicted of exactly the same state offense [to] receive different treatment in federal court." (Doc. 16 at 8).

To the extent it is appropriate to address an argument raised in a reply, to which the government has not had the opportunity to respond, the Court concludes it is without merit. The Equal Protection Clause provides that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Where a sentence is challenged on equal protection grounds, courts "consider whether Congress 'rationally could have decided that the classification would further the statutory purpose.'" United States v. Curtis, 965 F.2d 610, 615 (8th Cir. 1992) (quoted case omitted).

The Eighth Circuit's Curtis decision refutes movant's equal protection argument. In Curtis, the defendant argued his sentence should not be enhanced under § 841 based on a prior Illinois felony conviction for possession of methalqualone. Id. at 614. Curtis argued that other states classified the same offense as a misdemeanor, and that it was unconstitutional he should be subject to an enhancement where others who committed the same offense in different states were not. Id. The Eighth Circuit held the unambiguous language of § 841(b)(1)(B) evidences that "Congress

9

intended to impose heavier penalties on persons with one or more prior felony convictions. . . . [S]uch penalties serve the purpose of deterring repeat offenders and segregating repeat offenders from the rest of society for extended periods of time, and are rationally related to Congress' objective of protecting the public welfare." Id. at 615. As such, sentence enhancements under § 841 do not violate equal protection principles. Id. See also United States v. Brandon, 521 F.3d 1019, 1027 (8th Cir. 2008) (rejecting equal protection argument that there was no rational basis for imposing a mandatory minimum sentence on defendants convicted of Missouri felony charges of possessing "user amounts" of cocaine base, while the same crime would have been punishable only as a misdemeanor in federal court).

Further, movant's claim fails because he is simply not similarly situated to persons who are convicted of violating the same California statutes after the passage of Proposition 47. Movant was sentenced on the California crimes years prior to Proposition 47's effective date. As a result, it does not violate movant's equal protection rights that his California convictions count as felonies under § 841, while the convictions of persons under the same statutes after the effective date of Proposition 47 will not count as felonies. See Dobbert v. Florida, 432 U.S. 282, 301 (1977).

## IV.  Conclusion

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant John McFarland is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that John McFarland's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that John McFarland has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of November, 2016.